IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIE MARTINEZ,

       Plaintiff,

v.                   Civ. No. 05-633 JH/WDS

MERCK & CO., INC.,
LARRY QUINTANA, individually and
d/b/a FAIRVIEW PHARMACY, and
JOHN DOES 1-25,

       Defendant.

## MEMORANDUM OPINION AND ORDER

   This matter comes before the Court on the *Motion by Defendant Merck & Co., Inc. to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation* [Doc. No. 4]. After careful consideration of the law and the arguments of counsel, the Court concludes that the motion should be granted.

## DISCUSSION

   This is one of the thousands of cases around the nation that has been filed against Defendant Merck & Co., Inc. ("Merck") regarding personal injuries allegedly arising from use of the pharmaceutical drug known as VIOXX. Plaintiff Marie Martinez ("Martinez") is a citizen of the State of New Mexico, as is individual defendant Larry Quintana ("Quintana"), who does business as Fairview Pharmacy. Defendant Merck is a New Jersey corporation.

   On April 27, 2005, Plaintiff filed her complaint against the defendants in the First Judicial District Court, Rio Arriba County, New Mexico, in which she asserts claims against all defendants for strict product liability, negligence, gross negligence, negligent misrepresentation, violation of the

New Mexico Unfair Practices Act, breach of express and implied warranties, and violation of the New Mexico Food, Drug, Alcohol & Cosmetic Act. On June 6, 2005, Merck removed the case to this Court, claiming that complete diversity exists among the parties because the New Mexico defendants were fraudulently joined in order to defeat federal jurisdiction. That same day, Merck filed its motion to stay the proceedings while the Court awaits a decision regarding transfer by the Judicial Panel on Multidistrict Litigation ("JPML"). On June 15, 2005, Martinez filed her motion to remand, arguing that in the absence of complete diversity, this Court lacks subject matter jurisdiction.[1]

The issue presently before the Court is whether to address Martinez' motion to remand before Merck's motion to stay. As a preliminary matter, the Court notes that on February 16, 2005, the JPML established a proceeding titled *In re: VIOXX Products Liability Litigation*, and in so doing transferred 148 VIOXX cases for coordinated proceedings by Judge Eldon E. Fallon in the United States District Court for the Eastern District of Louisiana. In so doing, the JPML recognized that transfer of the cases to a centralized court "is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." Since that time, the JPML has continued to issue conditional orders of transfer to Judge Fallon in similar cases around the country.

In creating a centralized forum for VIOXX litigation, the JPML recognized that there would be disputes over the jurisdiction of district courts to hear the cases, and the motions to remand that accompany such disputes. The JPML stated that "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Sectoin 1407 proceedings. We note that motions

---

[1] Plaintiff does not appear to dispute the Defendants' contention that more than $75,000 is at issue in this case.

to remand ... can be presented to and decided by the transferee judge."

Faced with concurrent motions to stay pending transfer to the JPML and motions to remand, many district courts have exercised their discretion to stay proceedings in VIOXX litigation in order to facilitate the just and efficient disposition of their dockets. *See, e.g., Fontalilles v. Merck & Co., Inc.*, No. 04-22799-CIV-HUCK (S.D. Fla. Dec. 14, 2004) ("Judicial consistency, economy and uniformity among similar VIOXX cases would be served by deferring resolution of the remand issue at this time") (slip. op.); *Magee v. Merck & Co., Inc.*, No. 2:03cv249 (S.D. Miss. Nov. 4, 2004) (slip op.) ("Plaintiff will not be unduly prejudiced if proceedings in this court, including consideration of the Motion to Remand, are stayed pending a decision by the JPML as to the transferability of this case. The court additionally finds that staying all proceedings will serve the interests of judicial economy."). *See also* Merck's Reply in Support of Motion to Stay [Doc. No. 9] at p.2, n.1 (collecting cases from dozens of district courts staying cases despite a pending motion to remand).

Further, this Court agrees with the rationale of United States District Judge M. Christina Armijo, who held that a similar VIOXX case should be stayed, despite the presence of a pending motion to remand:

> [B]ecause more than 100 separate and similar actions are currently pending against Merck, Merck faces a significant risk of duplicative motion practice and redundant discovery proceedings absent a stay. It is also apparent that judicial resources would be conserved and judicial economy best served by allowing a single court to determine with uniformity the various issues presented in the hundreds of currently pending Vioxx cases.

*Pace v. Merck & Co., Inc.*, Civ. No. 04-1356 MCA/ACT (D.N.M. Jan. 10, 2005) (slip op.).

Finally, I find that a stay of proceedings, including consideration of her motion to remand, pending a decision by the JPML will not cause Martinez to suffer unfair prejudice. I also find that

3

staying all proceedings will serve the interests of judicial economy and the uniform disposition of similar issues raised in VIOXX cases in other jurisdictions.

IT IS THEREFORE ORDERED that the *Motion by Defendant Merck & Co., Inc. to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation* [Doc. No. 4] is GRANTED, and this case is hereby STAYED until a decision on transfer has been rendered by the Judicial Panel on Multidistrict Litigation.

_____
UNITED STATES DISTRICT JUDGE